IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT BRANAM and<br>KAREN BRANAM, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Case No. _____ |
| vs. | )<br>) | |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, | )<br>)<br>) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## ANSWER OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and for its Answer to Plaintiff's Complaint states the following:

## COUNT I

1. Defendant admits it is a foreign insurance company authorized to do business in Missouri, and denies all other allegations contained in Paragraph 1 inconsistent with same.

2. Defendant admits that the Division of Insurance was served with suitpapers on April 13, 2010, but denies all other allegations contained in Paragraph 2.

3. Defendant admits that there are independent State Farm insurance agents in the City of St. Louis, but denies all other allegations contained in Paragraph 3.

4. Defendant admits that it issued a policy of automobile insurance to Scott and Karen Branam, policy number 1011-901-25G that was in effect on December 22, 2009. Defendant further admits that its policy provides in part:

## UNINSURED MOTOR VEHICLE COVERAGE

\* \* \*

**Additional Definitions**

\* \* \*

*Uninsured Motor Vehicle* means a land motor vehicle:
1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Missouri; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*.

\* \* \*

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:
1. sustained by an *insured*; and
2. caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

\* \* \*

**Limits**
1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
2. The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by the *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.
3. These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:
   a. *insureds;*

2

      b.    claims made;
      c.    vehicles insured; or
      d.    vehicles involved in the accident.

5. Defendant admits that on or about December 22, 2009, Plaintiff was operating his vehicle on U.S. Highway 61 at or near its intersection with Route OO in Pike County, Missouri, but denies all other allegations contained in Paragraph 5.

6. Defendant admits that Plaintiff claims that on or about December 22, 2009 he was involved in a motor vehicle accident on U.S. Highway 61, but Defendant denies all other allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant admits that it issued a policy of automobile insurance to Scott and Karen Branam, policy number 1011-901-25G that was in effect on December 22, 2009. Defendant further admits that its policy provides in part:

**UNINSURED MOTOR VEHICLE COVERAGE**

\* \* \*

**Additional Definitions**

\* \* \*

*Uninsured Motor Vehicle* means a land motor vehicle:
1. the ownership, maintenance, and use of which is:
    a.    not insured or bonded for bodily injury liability at the time of the accident; or
    b.    insured or bonded for bodily injury liability at the time of the accident; but
        (1)    the limits are less than required by the financial responsibility act of Missouri; or
        (2)    the insuring company:
            (a)    denies that its policy provides liability coverage for compensatory damages that result from the accident; or
            (b)    is or becomes insolvent; or
2. the owner and driver of which remain unknown and which causes

> *bodily injury* to the *insured*.
>
> \* \* \*
>
> **Insuring Agreement**
> *We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:
> 1. sustained by an *insured*; and
> 2. caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.
>
> \* \* \*
>
> **Limits**
> 1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
> 2. The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by the *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.
> 3. These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:
>     a. *insureds;*
>     b. claims made;
>     c. vehicles insured; or
>     d. vehicles involved in the accident.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11 and its subparagraph.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

WHEREFORE, having fully answered, Defendant State Farm prays to be hence dismissed with its costs.

**AFFIRMATIVE DEFENSES**

COMES NOW Defendant State Farm and by and through counsel states the following as its Affirmative Defenses as to Count I:

1. For further answer and defense, Defendant states that Plaintiff Scott Branam is not entitled to recover under Defendant's policy because he is not legally entitled to recover from the owner or driver of an uninsured motor vehicle in that he did not sustain bodily injury caused by an accident that involved the operation, maintenance or use of an uninsured motor vehicle as a motor vehicle as required by Defendant's policy and its provisions set forth above.

2. For further answer and defense, Defendant states that there was no uninsured motor vehicle involved in the accident described in Plaintiffs' Petition as that term is defined in Defendant's policy.

3. For further answer and defense, and pleading in the alternative, Defendant states that Plaintiff's injuries and damages, if any, were the direct and proximate result of Plaintiff's own comparative fault, to wit:

   a. He failed to keep a careful lookout where he was driving;

   b. He drove at an excessive speed;

   c. He knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened his speed, or sound a warning, or any combination of the above, but he failed to do so;

   d. His automobile was on the wrong side of the road;

   e. He made an improper lane change;

      f.      He failed to maintain control of his vehicle;

      g.      He overcompensated in the evasive action he took in response to the other vehicle thereby losing control of his own vehicle.

4.      For further answer and defense, and pleading in the alternative, Defendant states that if Plaintiff Scott Branam is entitled to uninsured motor vehicle benefits, which Defendant denies, then his maximum recovery would be $100,000, the "Each Person" limit of the uninsured motor vehicle coverage under Defendant's policy.

## COUNT II

14.      Defendant incorporates by reference its answers to Paragraphs 1-13 above of Count I, as and for its answer to Paragraph 14 of Count II.

15.      Defendant denies the allegations contained in Paragraph 15.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant State Farm and by and through counsel states the following as its Affirmative Defenses as to Count II:

1.      For further answer and defense, Defendant states that Plaintiff Karen Branam is not entitled to recover under Defendant's policy because neither Plaintiff Scott Branam nor Plaintiff Karen Branam sustained bodily injury caused by an accident that involved the operation, maintenance or use of an uninsured motor vehicle as a motor vehicle as required by Defendant's policy and its provisions set forth above.

2.      For further answer and defense, Defendant states that there was no uninsured motor vehicle involved in the accident described in Plaintiffs' Petition as that term is defined in Defendant's policy.

3. For further answer and defense, and pleading in the alternative, Defendant states that Plaintiff Karen Branam's damages, if any, were the direct and proximate result of Plaintiff Scott Branam's comparative fault, to wit:

   a. He failed to keep a careful lookout where he was driving;

   b. He drove at an excessive speed;

   c. He knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened his speed, or sound a warning, or any combination of the above, but he failed to do so;

   d. His automobile was on the wrong side of the road;

   e. He made an improper lane change;

   f. He failed to maintain control of his vehicle;

   g. He overcompensated in the evasive action he took in response to the other vehicle thereby losing control of his own vehicle.

4. For further answer and defense, and pleading in the alternative, Defendant states that if Plaintiff Karen Branam is entitled to uninsured motor vehicle benefits, which Defendant denies, then the maximum recovery for her and Plaintiff Scott Branam combined would be $100,000, the "Each Person" limit of the uninsured motor vehicle coverage under Defendant's policy.

WHEREFORE, having fully answered, Defendant State Farm prays to be hence dismissed with its costs.

/s/ Jeffrey J. Brinker
Jeffrey J. Brinker,            #30355MO
BRINKER & DOYEN, L.L.P
34 N. Meramec Ave., 5th Floor
Clayton, MO 63105
(314) 863-6311
(314) 863-8197 - Fax
***Attorneys for Defendant State Farm***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system and was sent via first-class United States mail, postage pre-paid, this 11th day of May, 2011 to:

Joseph R. Hillebrand, #43344
Brown & Crouppen, P.C.
One Metropolitan Square
211 North Broadway, Suite 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 - Fax
***Attorneys for Plaintiff***

/s/ Jeffrey J. Brinker